**Michael J. CAROLAN, Plaintiff—Appellant,**

v.

**CARDIFF UNIVERSITY; et al., Defendants—Appellees.**

Nos. 03–35578, 03–35813, 03–35819.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

———

Michael J. Carolan, Napa, CA, for Plaintiff–Appellant.

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Philip M. Guess, Esq., Preston Gates & Ellis LLP, Seattle, WA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

In Appeal No. 03–35578, Michael J. Carolan appeals pro se the district court's judgment dismissing his actions against defendants for lack of personal jurisdiction. In Appeal Nos. 03–35813 and 03–35819, Carolan appeals the district court's orders granting defendants' motion for costs and attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of jurisdiction, *see Myers v. Bennett Law Offices,* 238 F.3d 1068, 1071 (9th Cir.2001), and the legal question of whether the district court had authority to grant costs and attorneys' fees, *see United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 968 (9th Cir.1999). We review for abuse of discretion the district court's denial of discovery. *See Butcher's Union Local No. 498 v. SDC Invest., Inc.,* 788 F.2d 535, 540 (9th Cir. 1986). We affirm.

For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state such that an exercise of jurisdiction "does not offend traditional

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation marks and citations omitted). Because Wash. Rev.Code § 4.28.185 is coextensive with federal due process requirements, the jurisdictional analyses under state and federal law are the same. *See Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1405 (9th Cir. 1994).

The district court properly concluded that it lacked general personal jurisdiction over defendants because defendants do not have continuous and systematic general business contacts with Washington state. *See Bancroft & Masters, Inc. v. Augusta Nat'l*, 223 F.3d 1082, 1086 (9th Cir.2000).

The district court properly concluded that it lacked specific personal jurisdiction over defendants because defendants did not purposefully avail themselves of the benefits and protections of Washington state law. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The fact that Carolan accepted defendants' offer of admission while in Washington is not enough to establish purposeful availment. *See id.* at 478–79, 105 S.Ct. 2174.

We need not consider whether the commercial activities exception to the Foreign Sovereign Immunities Act ("FSIA") applies to defendants because an exercise of jurisdiction under the FSIA must still comport with due process. *See Davies & Co. v. Republic of Marshall Islands*, 174 F.3d 969, 972–73 (9th Cir.1999).

The district court did not abuse its discretion in granting the motion to dismiss without permitting discovery where the district court accepted all of Carolan's factual allegations as true and Carolan has not shown that the denial of discovery resulted in any prejudice. *See Butcher's Union Local No. 498*, 788 F.2d at 540.

The district court was within its discretion to dispense with oral argument, *see Carpinteria Valley Farms v. County of Santa Barbara*, 344 F.3d 822, 832 n. 6 (9th Cir.2003), and did not violate Carolan's Seventh Amendment right to a jury trial by dismissing his action, *cf. Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1447 (9th Cir.1987) (holding that there is no right to a jury trial where there is no genuine issue of material fact for a jury to resolve).

Finally, the district court had authority to grant attorney's fees to defendants pursuant to Wash. Rev.Code 4.28.185(5), as defendants prevailed on jurisdictional grounds. *See Scott Fetzer Co. v. Weeks*, 114 Wash.2d 109, 786 P.2d 265, 266 (1990).

In Appeal No. 03–35578, we grant Carolan's motion to file a supplemental brief, but deny his motion to expedite as moot.

Appeal No. 03–35578 AFFIRMED.

Appeal No. 03–35813 AFFIRMED.

Appeal No. 03–35819 AFFIRMED.